[Civ. No. 4159.   Second Appellate District, Division Two.—March 5, 1927.]

## JOHN MacFADDEN et al., Respondents, v. LUCIME COMPSON, Appellant.

[1] APPEAL—JUDGMENTS—PRESUMPTIONS—CONTRADICTORY EVIDENCE.— All intendments must be resolved in favor of the judgment on appeal, and where the evidence is directly contradictory, the decision of the trial court will not be disturbed.

[2] EMPLOYER AND EMPLOYEE—SERVICES PERFORMED OUTSIDE SCOPE OF EMPLOYMENT—EVIDENCE—SUPPORT OF JUDGMENT.—In this action by a bookkeeper and cashier for services outside the scope of his duties on an alleged oral contract to pay him a portion of the proceeds of sale for disposing of certain moving picture films and procuring the return of unearned insurance premiums, it is held that the evidence was sufficient to support the judgment in favor of plaintiff.

[3] ID.—EXTRA COMPENSATION—EVIDENCE—FINDINGS.—In such action, the evidence was sufficient to authorize a finding that the disposal of the motion picture films and securing the return of unearned insurance premiums was not within the scope of plaintiff's regular employment as bookkeeper and cashier, so as to raise a presumption that said services were part of plaintiff's regular duties and to preclude recovery therefor additional to salary.

---

1.  See 2 Cal. Jur. 852; 2 R. C. L. 194, 219.
3.  See 16 Cal. Jur. 972.

[4] ID.—SERVICES—PRESUMPTIONS—EVIDENCE.—The presumption that an employee performed services within the scope of his regular employment so as to preclude recovery for extra compensation therefor is overcome by evidence showing an express agreement inconsistent therewith.

[5] ID. — SERVICES OUTSIDE REGULAR EMPLOYMENT — COMPENSATION — FINDINGS.—In this action by a bookkeeper and cashier for services outside the scope of his employment, a finding that the services were not performed by plaintiff as an employee, and that he had not been paid therefor, was not inconsistent, but an express finding that the services were outside of his regular duties, and that he was entitled to compensation therefor.

(1) 4 C. J., p. 731, n. 81, p. 883, n. 33.    (2) 39 C. J., p. 203, n. 27. (3) 39 C. J., p. 205, n. 45.    (4) 39 C. J., p. 196, n. 18.    (5) 38 Cyc., p. 1986, n. 82.

APPEAL from a judgment of the Superior Court of Los Angeles County.  W. P. Cary, Judge Presiding.  Affirmed.

The facts are stated in the opinion of the court.

McCarthy & Nolan and Earl I. Banta for Appellant.

Randall, Bartlett & White and Thos. P. White for Respondents.

CRAIG, J.—The plaintiffs and respondents instituted an action in the superior court of Los Angeles County upon an alleged verbal contract of the defendant and appellant to pay the plaintiff John MacFadden a portion of the proceeds of sale for disposing of certain personal property, and of certain insurance premiums refunded.  The transaction appears to have been wholly founded upon services claimed to have been rendered by John MacFadden for the defendant.  We shall therefore designate him herein as the respondent.

The complaint alleged that the defendant employed the plaintiff John MacFadden to sell certain moving picture films, and to secure the return of certain unearned insur-

4.  Under what circumstances is a servant entitled to recover remuneration for extra work, note, 30 L. R. A. (N. S.) 652.  Right of servant to recover pay for extra services performed, note, 12 Ann. Cas. 663.  See, also, 16 Cal. Jur. 973; 18 R. C. L. 534.

ance premiums thereon, the property of the defendant, for which the latter agreed to pay him one-half of the proceeds of such sale, and of the premiums, which she might receive through such transaction. The defendant denied by answer the existence of any contract in the premises, and affirmatively alleged that although the sale and collection mentioned were consummated, the services were performed by the plaintiffs as employees, for which they were paid wages, in the regular course of employment.

The respondent testified that he was appellant's cashier and bookkeeper, at a salary of $75 per week, at the time he performed the services for which compensation was claimed; that appellant voluntarily agreed to allow him fifty per cent of any amount for which he might be able to sell certain films, and of the unearned insurance premiums thereon if he could secure their refund; that the defendant departed for New York, leaving instructions that MacFadden be retained in his regular position as bookkeeper and cashier during her absence; that previously to her return he sold the films and collected the premiums, the proceeds of which aggregated $3,000, which he delivered to Miss Compson upon her arrival; that a few days thereafter he made demand for his share of the moneys, whereupon the defendant informed him that she had purchased a new automobile, had no funds left, and was unable to pay him, but that she later denied any knowledge of having agreed to compensate him for extra services, and refused to pay him therefor. One Grasso, the defendant's general manager, testified to various conversations between the plaintiff and defendant, and corroborated MacFadden's testimony as to the sale of the films and collection of the insurance premiums; this witness also admitted having seen the defendant receive two envelopes from the plaintiff, but averred that he did not see the money, although he heard Miss Compson mention that she would "fix it up." Mrs. MacFadden testified that she heard her husband state to the defendant over the telephone that he would perform the services for fifty per cent of the amount to be realized from the films and insurance.

The defendant testified that she was positive that she had never at any time promised to pay MacFadden for such services; she also denied all knowledge as to the entries

in her books, and swore that she did not know where the books were at the time of the trial.

The case was tried before the superior court, without a jury, and judgment was rendered in favor of the plaintiffs for the sum of $1,500. The trial court found that the defendant employed the plaintiff John MacFadden "for and during the times referred to in the complaint herein, under a weekly salary or wage," but that the services upon which the suit was based were not performed as an employee of the defendant, and that he had not been paid therefor.

The defendant appeals from the judgment upon the alleged grounds that it is not supported by the evidence; that the testimony of the respondent was inherently improbable, and that if there was any agreement such as alleged and found by the court below, it was without consideration.

[1] We must resolve all intendments in favor of the judgment, and where, as here, the evidence is directly contradictory, the decision of the trial court will not be disturbed. (*Teresi* v. *Cavala*, 64 Cal. App. 148 [220 Pac. 686].) [2] We do not concur in the contention of the appellant that the respondent's testimony was inherently improbable, nor that the evidence was insufficient to justify the court in finding and rendering judgment for the plaintiffs.

[3] Appellant cites authority to the effect that an employee will be presumed to have performed services within the scope of his regular employment, and that he may not recover extra compensation unless the additional services be such as the servant is under no obligation to perform. We think the mere statement of these propositions suggests the obvious answer that under the conditions evidenced by the facts presented the trial court may well have concluded that the sale of surplus stock was not a service contemplated by the employment of respondent as bookkeeper and cashier. We are cited to no authority, nor are we aware of any, which holds that a salaried employee may not be engaged in and compensated for the performance of services foreign to his regular employment. [4] Again, the presumption above mentioned may be rebutted, and is overcome by evidence showing an express agreement inconsistent therewith.

[5] The only remaining point of sufficient importance to require attention consists of the contention that one of the findings is inconsistent and vague, in that it recites that the services alleged were not performed by the plaintiff as an employee, and that he had not been paid therefor. It seems plain that this was an express finding that the services sued upon were outside of those for which respondent received a weekly salary, and that he was entitled to the compensation demanded in his complaint.

No error appearing, the judgment is affirmed.

Works, P. J., and Thompson, J., concurred.